# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00260-CV

**EMC Mortgage Corporation, Appellant**

**v.**

**Fred E. Davis and Sherry A. Davis, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. GN2-03159, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The majority turns to disclosure notices to alter the terms of a promissory note, finding that ambiguity in the note allows disclosure notices to be considered. According to general principles of contract construction and interpretation, however, our analysis should be limited to the promissory note, the four corners of which contain all of the material terms for the home loan. Because these material terms allow for a definite and certain legal meaning, there is no ambiguity, and this Court should enforce the contract as written as a matter of law. Accordingly, the trial court erred in admitting the disclosure notices, so this Court should reverse and render a take-nothing verdict against the appellees. I therefore respectfully dissent.

**Proper Interpretation of the Promissory Note**

In its attempt to counter every argument in the appellant's brief, the majority opinion suggests that this is a difficult case. To the contrary, applying general principles of contract construction leads to a straightforward interpretation. I agree with the majority that we must first and foremost ascertain the true intent of the parties as expressed in the written instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). All provisions of the contract must be considered together so that none are rendered meaningless. *Id*. In a contract to loan money, the material terms are the amount to be loaned, the interest rate, the maturity date of the loan, and the repayment terms. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). The promissory note in the instant case contains all four material terms: Paragraph 1 lists the amount to be loaned as $390,500.00; paragraph 2 establishes an annual interest rate of 10.00 percent; paragraph 3 sets the maturity date at June 1, 2019; and paragraphs 3 and 4 provide for repayment on the first of every month to the note holder's California address in the amount of $3,426.92, with an allowance for prepayment of part or all of the principal at any time.

The note is therefore "legally binding" because it is "sufficiently definite" for a court to "understand what the promisor undertook": a thirty-year home loan. *Stanley Boot*, 847 S.W.2d at 221. Since the contract can be given a definite legal meaning, it is not ambiguous, and the court *must* construe the contract as a matter of law. *Coker*, 650 S.W.2d at 393; *Universal C. I. T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 517 (Tex. 1951).

When the material terms that are actually agreed upon are set forth in unambiguous language in one document, the court should give no weight to a purported description of those terms

in another document, especially when the purported description conflicts with the clear and consistent terms of a note, an instrument that is designed to stand on its own. *See Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324, 330-31 (Tex. 1984). In such a situation, the material terms should be interpreted without reference to the other document. *Id*. at 330. Here, the disclosure notices are merely supplemental documents that serve an informational purpose and create no obligations or rights. The use of disclosure notices alters two material terms of the note, the maturity date and the prepayment clause. Because the four corners of the note contain the clear terms of the loan, the majority should have interpreted the note without reference to the disclosure notices.

Paragraph 4 of the note contains clear terms for prepayment: the appellee had the right to pay off the remaining principal before it was due. The principal was due on June 1, 2019, the maturity date as established in Paragraph 3, which was thirty years after the first monthly payment. Because payments on this loan were credited toward interest before principal, the balance remaining in July 2002, only thirteen years into the note, was still quite large. When appellees paid $337,828.85 in 2002, therefore, they did nothing more than pay off the balance of the $390,500 principal. Accordingly, I would hold that appellants and appellees have met their contractual obligations, and that appellees are not entitled to the difference between the amount they paid and that listed in the disclosure notices.

**No Ambiguity as a Matter of Law**

The majority finds that an ambiguity arises as a result of this lone statement: "THE TERMS OF THIS NOTE CONTAIN PROVISIONS FOR A BALLOON PAYMENT AT MATURITY," which is type-written at the top of the page before any of the material terms are listed.

3

Because the majority believes that this statement opens the contract to more than one reasonable interpretation—what it calls the presence or absence of a balloon payment obligation—it erroneously permits reference to the disclosure notices as extrinsic evidence to interpret the agreement.

Because the disclosure notices do not form part of the contract, they are extrinsic evidence to which recourse is only appropriate if the contract is ambiguous. *National Union Fire Ins. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995). Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Coker*, 650 S.W.2d at 394. A contract is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Id*. at 393. Only when an ambiguity exists may the court then consider extrinsic evidence in an attempt to clarify the parties' intentions. *National Union*, 907 S.W.2d at 520. In the present case, the disclosure notices are not themselves part of the agreement and may be considered if, and only if, the note is first found ambiguous. The majority holds that, because the balloon payment statement gives rise to an ambiguity, consideration of the disclosure notices is proper. By the general principles of contract construction as elucidated by the Texas Supreme Court, however, this contract is not ambiguous as a matter of law. Accordingly, I would hold that the disclosure notices were improperly considered.

I depart from the majority approach in two respects. First, the majority improperly considers the parties' conflicting interpretations of the balloon payment statement as creating an ambiguity. This is not allowed under Texas law: "Only where a contract is first determined to be ambiguous may the courts consider the parties' interpretation . . . and admit extraneous evidence to

4

determine the true meaning of the instrument." *National Union*, 907 S.W.2d at 520. In construing a contract, therefore, the court must not confuse the issue by considering the parties' interpretations.

Second, the majority finds ambiguity because of uncertainty over whether the balloon-payment statement creates an obligation. It has long been the law in Texas that not all language of doubtful meaning in a contract rises to the level of ambiguity. *Daniel*, 243 S.W.2d at 517. In a more recent opinion, the supreme court held that general statements "cannot be stretched to impose any obligations not already found elsewhere in the contract." *Universal Health Servs, Inc. v. Renaissance Women's Group, P.A.*, 121 S.W.3d 742, 747 (Tex. 2003). When construing a contract, no single provision taken alone has controlling effect. *J.M. Davidson Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). By focusing on whether the balloon-payment statement creates an obligation, the majority negates two other terms in the contract, the prepayment clause and the thirty-year maturity date. By these terms, the appellees could have paid off the principal at any time between year one and year thirty. The majority, however, stretches the allegedly ambiguous statement to create a balloon payment obligation due at year fifteen, wiping out the remaining fifteen years and, necessarily, the interest generated over that time. The statement at issue is nothing more than a curious pronouncement that does not alter the material terms of the promissory note and therefore does not create a legal ambiguity.

If a written instrument is so worded that it can be given a definite legal interpretation, then it is not ambiguous, and the court as a matter of law should construe it as written. *Coker*, 650 S.W.2d at 393. As discussed above, applying the *Stanley Boot* factors to the contract at issue reveals that all material terms for this thirty year home note are present; therefore, the note has a definite

5

legal meaning and should be enforced according to its terms. 847 S.W.2d at 221. Because the promissory note at issue can be given a certain and definite legal interpretation, it should be enforced as written. The note contains no ambiguity as a matter of law; therefore, I would hold that the trial court erred in finding ambiguity and in considering the disclosure notices, and I would reverse and render judgment that appellees take nothing.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed:   May 12, 2005

6